I agree that the trial court's sentencing-phase jury charge, taken in its entirety, was not erroneous. However, I do not share the majority's concern that Ex parte Trawick,698 So.2d 162 (Ala. 1997), could be construed to preclude a review for plain error in the trial court's instruction to the jury if the instruction is based upon Alabama Pattern Jury Instructions. InTrawick, I pointed out that, in applying a plain-error standard of review, this Court has held that no reversible error would be found where the trial court follows the pattern jury instructions adopted by this Court. Trawick, 698 So.2d at 173. This did not, however, preclude us from examining the record inTrawick to determine whether the trial court's giving of the pattern jury instruction regarding the jury's weighing of aggravating circumstances and mitigating circumstances could have misguided the jury as to its function and responsibility in weighing these factors. Only after examining the record did we conclude that the trial court's instruction was a clear statement of the applicable law and that there was no plain error in the instruction as given.